# Commonwealth, Appellant, *v.* Edison Electric Light Co.

*Taxation—Patents—Corporations.*

Capital stock of a corporation invested in patents or patent rights or capital stock issued for patent rights merely, and not for tangible property or goods manufactured under such patent rights, is not taxable by the commonwealth.

Argued May 30, 1893. Appeal, No. 19, May T., 1893, by plaintiff, from judgment of C. P. Dauphin Co., Sept. T., 1891, No. 395, for defendant, on appeal from tax settlement. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Appeal from tax settlement. Before McPHERSON, J.

The facts appear in the opinion of the Supreme Court. See appeal in suit between same parties, on different state of facts, in 145 Pa. 131.

Trial without jury ; judgment for defendant ; plaintiff appealed.

*Error assigned* was entry of judgment.

*James A. Stranahan,* deputy attorney general, *W. U. Hensel,* attorney general, with him, for appellant, cited : Com. v. Edison Electric Light Co., 145 Pa. 131 ; Com. v. Westinghouse El. & Mfg. Co., 151 Pa. 265 ; Com. v. Westinghouse Air Brake Co., 151 Pa. 276 ; Patterson v. Kentucky, 97 U. S. 501 ; Webber v. Virginia, 103 U. S. 344 ; Com. v. American Bell Telephone Co., 129 Pa. 217.

*M. E. Olmsted, Samuel B. Huey* with him, for appellee, cited :
VOL. CLVII—34

Com. v. Electric Light Co., 145 Pa. 131; Jamison v. Collins, 83 Pa. 359; Lee v. Kees, 88 Pa. 175; Bradlee v. Whitney, 108 Pa. 362; R. R. v. Moyer, 125 Pa. 506; Com. v. Hulings, 129 Pa. 317; Com. v. Westinghouse El. & Mfg. Co., 151 Pa. 265; Com. v. Standard Oil Co., 101 Pa. 119; Com. v. Penna. Coal Co., 5 Pa. C. C. R. 90.

OPINION BY MR. JUSTICE GREEN, October 2, 1893:

The fourth finding of fact by the learned court below, which is fully sustained by the testimony, declares that $35,000 in cash and three thousand shares of stock were issued and paid by the defendant company to the Edison Electric Light Company of New York for certain rights under its patents within the city of Philadelphia, and that without these rights the defendant could not carry on its business and furnish electric light to its customers.   Also that " in consideration for said cash and stock paid to the Electric Light Company of New York, the defendant did not receive any tangible property whatever, but merely certain intangible rights or licenses under said letters patent."   Also that " the defendant does not lease from any persons from whom said licenses were obtained, any tangible property whatever, nor does it have in its possession any tangible property belonging to said persons."

This state of facts brings the case within the principle that capital stock invested in patents or patent rights is not taxable under state laws, as established by our decisions in the cases of Com'th v. Westinghouse Electric Company, 151 Pa. 265; Com'th v. Air Brake Company, 151 Pa. 276; and Com'th v. Philadelphia Company [the preceding case], in which the opinion has just been filed.

We are therefore of opinion that the learned court below was right in its ruling.

Judgment affirmed.