## General Accident, Fire & Life Assurance Corporation's Appeal. No. 2

*Frederick H. Spotts,* for appellant.

*Abraham Wernick,* assistant city solicitor, contra.

SLOANE, J., July 27, 1938.—We have already given our reasons for sustaining the action of the board of revision of taxes and dismissing the appeal of the General

Accident company. Our opinion is reported in 32 D. & C. 118.

We see no reason for changing our view. Under the agreement between the parties, the Girard Trust Company holds the securities for the benefit of policyholders of the General Accident, Fire & Life Assurance Corporation; this amounts to an active trust. " 'Property held in trust should be assessed to the trustee where he resides': Guthrie v. Ry., 158 Pa. 433": Cumberland County v. Lemoyne Trust Co., 318 Pa. 85, 97.

But even if not as an active trustee, certainly the securities held by the Girard Trust Company under its agreement with the General Accident company are "held or possessed" by the trust company in some capacity for the use and benefit of the holders of policies of the General Accident company. They are therefore taxable (unless otherwise exempt) under section 1 of the Act of June 17, 1913, P. L. 507. See Cumberland County v. Lemoyne Trust Co., supra. We are informed by both counsel that the securities otherwise exempt were excluded in the tax calculation made by the board of revision of taxes.

We know of the recent decision of our Supreme Court in Miller's Estate, 330 Pa. 477 (1938). There the estate of Charles Herbert Miller was assessed for a State personal property tax on shares (owned by the estate) of the General Reinsurance Corporation, a foreign insurance company doing business in this State. It was held that these shares could not be taxed because the insurance company was "relieved" or "exempt" from the payment of tax on its shares, and its shares were therefore excepted from taxation under the State Personal Property Tax Act of June 22, 1935, P. L. 414, sec. 3, as amended by the Act of July 17, 1936, P. L. 51. But that is not this case. The board of revision of taxes made its assessment on the securities owned by the General Accident company (held by the Girard Trust Company) and not on the shares of the General Accident company, owned or held by others.

Admittedly the General Accident company could have deposited these securities elsewhere in the United States than in this Commonwealth: The Insurance Company Law of May 17, 1921, P. L. 682, sec. 601; and it may well be that, by taxing these securities, our trust companies may lose the benefit of such activity, and the securities hereafter will be deposited in other States. We deprecate the possibility of such loss. But ours is not the duty or privilege of averting such possibility. We must sustain the law as it stands. Any change must come from the legislature.

The exceptions of the General Accident, Fire & Life Assurance Corporation to our conclusions are dismissed.