## Fidelity-Philadelphia Trust Company's Appeal

*Pepper, Bodine, Stokes & Schoch*, and *Morgan, Lewis & Bockius*, for appellant.

*Abraham Wernick*, assistant city solicitor, and *Ernest Lowengrund*, acting city solicitor, for City of Philadelphia.

LEWIS, J., October 13, 1942.—This matter comes before the court upon an appeal from the action of the Board of Revision of Taxes of Philadelphia County in refusing to correct and revise assessments of tax on certain personal property. The tax was levied under the Act of June 17, 1913, P. L. 507, and amendments thereto, for the years 1935 to 1940 on securities held by Fidelity-Philadelphia Trust Company as trustee for sundry trusts. They include some twenty-nine items, which can be divided into four separate groups, (a), (b), (c), and (d). . . .

Group (d) consists of items commonly termed investment trust certificates. These certificates are substantially similar in character to those considered by the Supreme Court of Pennsylvania in Pennsylvania Company's Appeal, 337 Pa. 321 (1940). In that case the Supreme Court affirmed the adjudication of Presi-

dent Judge Finletter, of Court of Common Pleas No. 4 of Philadelphia County, to the effect that such certificates are not subject to the four-mills tax for county purposes under the Act of June 17, 1913, P. L. 507. That decision appears to control us as to taxes assessed on these securities for the years 1935 to 1938, inclusive.

However, on June 19, 1939, the Act of 1913 was amended by the Act of June 19, 1939, P. L. 413, sec. 3. This amendment was effective immediately, and applied "to all taxes payable during the year one thousand nine hundred and thirty-nine, except to such as may already have been paid on the effective date of this act." As the taxes in question were not paid for the year of 1939 they do not come within this exception, and it is necessary to consider the amendment as it might affect the taxability of the items involved for the years 1939 and 1940.

The Act of 1939 amended the Act of 1913 to add to the class of personal property subject to tax the following (sec. 1.):

". . . and the equitable interest in any such personal property of the classes hereinafter enumerated, owned, held or possessed by any resident, where the legal title to such personal property is vested in a trustee, agent, or attorney-in-fact, domiciled in another state, and where such resident is entitled to receive all or any part of the income therefrom . . ."

Prior to this amendment our courts had interpreted the personal property levy as a tax only upon the legal ownership of certain designated classes of personal property. The 1939 amendment, however, extends the tax to reach equitable as well as legal interests. The case at bar does not raise any constitutional objection to this new form of taxation, such as was disposed of in Commonwealth v. Stewart, 338 Pa. 9, in which case the Supreme Court upheld the State Personal Property Tax Act of June 22, 1935, P. L. 414, as amended by the

Act of June 17, 1936, P. L. 51, which imposed a similar tax for State purposes on equitable interests in the same classes of property.

The basis for the appeal to us is that the investment trust certificates are not included within the tax group by the amendment taxing "equitable interests." It is the contention of appellant that if the legislature had intended a tax upon investment trust certificates it would have referred to them as such by their common name.

We are not impressed by this position, since the phrase "equitable interest" is a broad term that includes all rights of ownership of an equitable nature in the designated classes of property. By adding "equitable interests" the legislature has closed the gap so that no property of the character taxed can escape the burden, since every interest in property is either a legal or an equitable one.

That investment trust certificates are equitable interests is clearly shown by President Judge Finletter in a discussion quoted with approval by the Supreme Court in Pennsylvania Company's Appeal, supra. There it was stated (at pages 323, 324) as follows:

"Before discussing the application of certain general phrases of the Act, which are relied upon by the defendant, it would be well to know what is the nature of the interest sought to be taxed.

"It is a form of 'Investment Trust.' A foreign trust company, which we will call (in the instant case) the Primary Trustee, has in its possession shares of stock of one or more corporations. It also has sums of money. This property it retains, and issues to contributors certificates of interest in the general fund, made up as we have said. The certificate holder does not own the stock or the money, but only the undivided interest, or the certificate of interest. This may be in part money, and at the expiration of the trust is nothing but money.

"This is the general form of these trusts. In the instant case another trust is superimposed. The Pri-

mary Trustee enters into an agreement with The Pennsylvania Company, the effect of which is that the Primary Trustee is trustee of stocks and money for the benefit of the Pennsylvania Company, which holds all of the certificates issued by the Primary Trustee, and, holding only these certificates, declares itself trustee of this *beneficial interest* for the benefit of investors, to whom are issued certificates representing their interest in this Secondary Trust, that is, the *equitable interest* of the Pennsylvania Company in the Primary Trust." (Italics supplied.)

Appellant argues that the term "equitable interest" is commonly used to refer to the interest of a beneficiary in a trust created by a settlor, either under a will or inter vivos, and contends that fixed trust investments do not fall within one or the other of these classifications. We see no merit to this, for the usual method of establishing investment trusts is by a deed inter vivos similar in every respect to an ordinary trust inter vivos created by deed, only more complicated and lengthy.

It is further argued that the certificates differ from a trust inter vivos in that they represent a fixed trust in which the trustee has no duties of active management. If this contention is urged too successfully counsel may find his client a legal owner, because of the application of the statute of uses, in which event the taxes would be owing from the origin of such ownership. Appellant must place its interests in one of the two categories, legal or equitable, and in either event they become liable to taxation under the act as amended, providing they are interests in property covered by the act. The legislature has chosen the broad term "equitable interests" to reach every possible interest which was not covered by the act as originally approved.

The broad intent of the legislature is made even clearer by that portion of the amendment which provides how the equitable interest shall be valued. This reads as follows:

"The value of the equitable interest in any personal property made subject to tax by this section shall be measured by ascertaining the value of the personal property in which such resident has the sole equitable interest, or in case of divided equitable interests in the same personal property, then by ascertaining such part of the value of the whole of such personal property as represents the equitable interest of such resident therein."

This portion of the act makes specific provision that the tax will be levied: First, only on the equitable interest in such personal property as falls within the classes of property subject to the tax; and, secondly, only in the proportion which the interest of the resident bears to the value of the whole of such property in the trust. As a result of this provision, the application of the tax becomes complicated when applied to equitable interests represented by certificates of interest in certain trusts. In order not unjustly to tax the resident, and so the tax shall fall uniformly upon this class of property and in proper proportion to ownership, it will be necessary to examine the securities in each investment trust and to segregate those securities which fall within the classes designated for taxation from those which are not taxable, and then to ascertain the proportionate interest of the resident in the taxable securities, value them, and assess the tax upon that value.

The tax as assessed and now appealed from is on the entire value of appellant's interest in the trust, without regard to the taxable classification of the securities that compose the trusts. To such extent the assessments for the years 1939 and 1940 are not in keeping with the provisions of the act. These assessments must be revised to eliminate from the tax the value of those securities which are not in the classes of personal property recited in the act and the amendment or are exempt by reason of other provisions of the act.

*Order*

The appeal is sustained as to all the years 1935 to 1940, inclusive, the tax for 1939 and 1940 to be recalculated as above.