## Miller's Estate.

Argued March 23, 1938. Before KEPHART, C. J., MAXEY, DREW, LINN, STERN and BARNES, JJ.

478

*Manuel Kraus,* with him *E. Russell Shockley* and *John Y. Scott,* Deputy Attorneys General, *Charles J. Margiotti,* Attorney General, and *James L. Colbert,* for appellant.

*Samuel H. Stewart,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, May 9, 1938:

The estate of Charles Herbert Miller was assessed $1,-091.99 in State personal property taxes on shares of the General Reinsurance Corporation, a foreign insurance company doing business in this State. The executors challenged the assessment, and, on the refusal of the Department of Revenue to reassess, the Common Pleas Court of Huntingdon County reversed its action and exempted the stock from the tax. The Commonwealth appeals to this Court.

The State Personal Property Tax Act of June 22, 1935, P. L. 414, Section 3, as amended July 17, 1936 (First Ex. Sess.), P. L. 51, section 1, makes taxable to residents: ". . . all shares of stock . . . except shares of stock in any . . . corporation [etc.] *liable to . . . or relieved from* the payment of tax on its shares or capital stock for State purposes by the laws of the Commonwealth; . . ." (Italics added.) This was the act in effect at the time the assessment was made.[1]

----

[1] The Act of May 18, 1937, P. L. 633, section 1, has since eliminated the exemption of shares in companies "relieved from" the payment of capital stock taxes.

Since foreign insurance companies pay no capital stock tax, their shares are not exempt under the first portion of this provision. They are liable for a gross premium tax, but the estate does not contend that that tax is, like a franchise tax measured by capital stock, the equivalent of a capital stock tax within the meaning of the exemption. See *Arrott's Estate,* 322 Pa. 367. Its position is that, by the terms of the capital stock tax statutes, foreign insurance companies are "relieved from the payment of a tax on . . . capital stock," and their shares are therefore free from this personal property tax.

By the Revenue Act of June 1, 1889, P. L. 420, and later acts, foreign companies doing business in the Commonwealth have been required to file reports and to pay a capital stock tax, but foreign insurance companies have been expressly excepted.[2] By the amending Act of May 16, 1935, P. L. 184, section 1, foreign insurance companies continue to remain free from the capital stock tax, the only difference being that Section 21 now does not expressly refer to them but simply restricts

---

[2] Section 20 of the 1889 Act provided:

"That hereafter, except in the case of banks, savings institutions and foreign insurance companies, it shall be the duty of the president, chairman or treasurer of every corporation, joint-stock association and limited partnership . . . to make a report in writing to the auditor general, annually. . . ."

Section 21 provided:

"That every corporation, joint-stock association and limited partnership . . . except banks, savings institutions and foreign insurance companies, shall be subject to and pay into the treasury of the commonwealth annually a tax to be computed as follows.

. . .

"*And provided further,* That the provisions of this section shall not apply to the taxation of the capital stock of corporations, limited partnerships and joint-stock associations organized exclusively for manufacturing purposes and actually carrying on manufacturing within the State, excepting companies engaged in the brewing or distilling of spirits or malt liquors, and such as enjoy and exercise the right of eminent domain."

taxability to such companies as are required to file reports by Section 20.[3]

The Commonwealth argues that, in view of the fact foreign insurance companies have never been required to pay a capital stock tax, they have never been "exempted" or "relieved from" the tax, and the only exemptions of the Act of 1889 and the subsequent statutes were those contained in the proviso clause relating to manufacturing companies.

"Relieved" and "exempt" are equivalent: *McMullin's Estate,* 272 Pa. 284, 286. Of course, the mere fact that a particular subject is not taxed does not cause it to be "exempt" in the narrow sense in which that term must be used in connection with the statute here involved. But here the legislature has specifically "excepted" foreign insurance companies. This is all that the authorities cited by the Commonwealth require. See *Foster v. City of Duluth,* 120 Minn. 484, 140 N. W. 129; *Church Charity Foundation v. People,* 6 Dem. Surr. (N. Y.) 154. It is not necessary that the word "exempt" be used. The Commonwealth concedes, for example, that manufacturing companies were exempt; moreover, it was not necessary in their case that there be a prior liability to tax which was subsequently removed.

Nor does the fact the manufacturing company exemption appeared in a separate proviso help the Commonwealth. The reason is clear. Foreign insurance companies are exempt not only from the tax but also from the duty to file reports. Manufacturing companies, on the other hand, were not relieved by Section 20 from the duty of filing reports: *Commonwealth v. Fall Brook Coal Co.,* 156 Pa. 488, must be restricted to its precise holding.

Decree affirmed at cost of appellant.

---

[3] Manufacturing companies were temporarily deprived of their exemption by the Act of May 16, 1935, P. L. 184, section 1, and permanently by the Act of April 8, 1937, P. L. 239, section 1.