## Appeal of Girard Trust Company et al., Trustees

*Saul, Ewing, Remick & Saul*, for appellant.

*Albert J. Taylor*, for Commonwealth.

*Edward Shippen Morris*, Deputy Attorney General, for Department of Revenue.

FINLETTER, P. J., December 4, 1940.—This is an appeal from an assessment of personal property taxes under the State Personal Property Tax Act of June 22, 1935, P. L. 414, 72 PS §3250, as amended by the Act of July 17, 1936, P. L. 51, and the Act of May 18, 1937, P. L. 633, against the interest of appellants in the estate of George B. McFadden, deceased.

The tax is levied as upon "moneys owing by solvent debtors, whether by promissory note, or penal or single bill, bond or judgment . . . articles of agreement and accounts bearing interest": section 3 of the State Personal Property Tax Act, supra.

George McFadden during his lifetime was a general partner in a firm of cotton merchants. He died on January 5, 1931, leaving a will wherein he left his residuary estate to appellant.

On September 1, 1931, a limited partnership agreement was entered into, in which the estate was named as the limited partner. It was provided that the limited partner should contribute to the new (limited) firm the whole interest of the estate in the old general partnership. The agreement mentioned was later amended in some details by supplemental contracts, which did not affect its character as a limited partnership agreement.

These agreements created limited partnerships, and nothing else. All the payments to be made were those of partners, limited and general, as contributions to capital, compensation of the limited partner, distribution of profits, withdrawal of capital, in whole or in part. The provisions of the contracts, original and supplemental, followed closely the Limited Partnership Act of April 12, 1917, P. L. 55. None of the sums due or the payments to be made could be described as "accounts bearing interest", owing by solvent debtors on promissory note, single bill, bond or judgment. Unless therefore it can be said that these phrases make limited partnership interests taxable, this appeal must be sustained.

It is obvious that such an interest is not expressly named, and unless it is included in the general phrases we have quoted it is not taxable.

The general rule is of course that taxation statutes must be strictly construed in favor of the taxpayer. And in following this rule the legislature in the act under consideration has taken pains to avoid generalities. It names specifically the sorts of property it intends shall be taxed.

It is unnecessary to repeat what was said by the Supreme Court in the case of Pennsylvania Company's Appeal, 337 Pa. 321, where it was unsuccessfully sought to tax investment trusts, which were not expressly named in the act. What was said in that connection applies to the instant case.

We cannot agree that when the legislature was speaking of moneys owed by solvent debtors on notes, bills, etc., and "articles of agreement and accounts bearing interest," it had in mind limited partnership capital and profits. If it had it would have said so.

Counsel for the Commonwealth says that the instant case is ruled by Arbuckle's Estate, 324 Pa. 501.

In that case articles of agreement provided that surviving partners should succeed to and pay for a deceased partner's interest, the amount due to remain as a deposit with the surviving partners for two years, bearing interest, clearly a debt due by the surviving partners for the value of the interest of the deceased. No "partnership" distribution was to be made. There was nothing but a purchase of the partnership property, or the share of it owned by the estate of the deceased.

A debt was created bearing interest, not a partnership interest. The deceased partner's estate was simply a creditor; whether of the surviving partners individually, or of a new partnership, it is unnecessary to decide. It was clearly an account bearing interest. The question of the liability of a limited (or general) partnership as such was not even referred to by the Supreme Court.

For these reasons we are of opinion that the appeal must be sustained, and that the assessments made against the trustees under the will of George McFadden, deceased, based upon the interest of the estate as a limited partner in the firm of George McFadden & Bro., are erroneous and illegal and should be vacated, and we so order.