Northeastern Building Registered, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued December 6, 1978, before President Judge BOWMAN and Judges WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE and MACPHAIL. Judges CRUMLISH, JR. and CRAIG did not participate.

*James S. Palermo,* with him *Anthony J. Ciotola,* for appellant.

*Robert P. Coyne,* Deputy Attorney General, for appellee.

OPINION BY JUDGE DISALLE, March 27, 1979:

This case involves appeals from two orders of the Board of Finance and Revenue sustaining the Department of Revenue's imposition of the capital stock tax[1] and the corporate net income tax[2] on Northeastern Building Registered (Northeastern) for the 1970 cal-

---

[1] The capital stock tax was levied pursuant to the Act of June 1, 1889, P.L. 420, *as amended, formerly* 72 P.S. §1871 et seq. (hereinafter referred to as the Capital Stock Tax Act), repealed by the Act of March 4, 1971, P.L. 92, and was substantially reenacted; it may presently be found at 72 P.S. §7601 et seq.

[2] The corporate net income tax was levied pursuant to the Corporate Net Income Tax Act, Act of May 16, 1935, P.L. 208, *as amended, formerly* 72 P.S. §3420a et seq., repealed by the Act of March 4, 1971, P.L. 86, and was substantially reenacted; it may presently be found at 72 P.S. §7401 et seq.

endar year.[3] Since Northeastern was a registered partnership,[4] and since the Capital Stock Tax Act (CSTA) and Corporate Net Income Tax Act (CNITA) made reference only to limited partnerships,[5] Northeastern generally contends that a strict construction of the tax acts precludes imposition of the taxes. The sole question, therefore, is whether a registered partnership is to be taxed as a limited partnership or as a quasi-corporation within the meaning of the CSTA and CNITA. Given the uniformity of language in both acts, our determination of the registered partnership's tax liability under one act will be controlling with regard to the other.

We note that, as here, appeals taken pursuant to Section 1104 of The Fiscal Code, Act of April 9, 1929,

---

[3] The capital stock tax was settled at $875.00 based on a valuation of $125,000.00. The corporate net income tax was settled at $2,186.04 based on net income of $18,217.00.

[4] Registered partnerships were formed pursuant to the Act of May 9, 1899, P.L. 261, *as amended, formerly* 59 P.S. §241 et seq. (hereinafter referred to as the Registered Partnership Act), repealed by the Act of January 18, 1966, P.L. (1965) 1305, but remaining effective until January 1, 1971. The Capital Stock Tax Act therefore preceded the Registered Partnership Act. Pursuant to Section 4B(1)(iii) of the Business Corporation Law, Act of May 5, 1933, P.L. 364, *as amended*, added by the Act of January 18, 1966, P.L. (1965) 1305, *as amended*, 15 P.S. §1004B(1)(iii), every registered partnership which had not by January 1, 1971, reorganized as a limited partnership under The Uniform Limited Partnership Act, Act of April 12, 1917, P.L. 55, *formerly* 59 P.S. §171, rpealed by the Act of December 19, 1975, P.L. 524, and presently found at 59 Pa.C.S. §501 et seq., would be treated as a business corporation subject to the provisions of the Business Corporation Law. It is obvious, therefore, that registered partnerships no longer exist as distinct legal entities.

[5] The CSTA specifically referred to limited partnerships in Section 21(a), 72 P.S. §1871(a), but failed to define the term further. The CNITA referred to corporations in Section 3, 72 P.S. 3420c, and, in Section 2, 72 P.S. 3420b, defined that term to include limited partnerships. As in the CSTA, the phrase "limited partnership" was not defined further in the CNITA.

P.L. 343, *as amended,* 72 P.S. §1104, shall be treated as hearings de novo. The parties dispensed with a trial by jury in accordance with the provisions of Section 1 of the Act (Act) of April 22, 1874, P.L. 109, *as amended,* 12 P.S. §688, and thereafter entered into a stipulation of facts. While counsel for neither party has made specific request that the Court state separately findings of fact and conclusions of law pursuant to Section 2 of the Act, 12 P.S. §689, we nevertheless adopt the parties' stipulation of facts as our own and incorporate them herein by reference.

Our inquiry must begin with the opinion letter of the Attorney General dated October 30, 1903, 28 C.C. 582 (1903), wherein the precise question raised in this case was considered. After making a passing reference to the fact that, for purposes of the CSTA, a limited partner's proportional interest in the assets of the limited partnership shall be deemed to be capital stock and thereby taxable, the Attorney General concluded that registered partnerships were subject to the provisions of the CSTA.[6] This opinion is noteworthy not only because it was relatively contemporaneous to the passage of the Registered Partnership Act (RPA) itself, but also because it assumes, with little comment, that registered partnerships are a form of limited partnership which are subject to the CSTA.

This rather clear cut determination was somewhat clouded by the decision of the Court of Common Pleas of Dauphin County in *Commonwealth v. Biddle & Henry,* 2 Pa. D. & C. 705 (1923), wherein the court held that limited partnerships formed pursuant to the Uniform Limited Partnership Act (UPLA) were not subject to the CSTA. In considering the legislative intent with reference to the phrase "limited partnership," the

---

[6] Specifically, the revenue acts involved were actually acts amending and clarifying the CSTA: the Act of June 8, 1891, P.L. 229, and the Act of June 8, 1893, P.L. 353.

court opined that "the legislature intended to tax those partnership associations and partnerships which have the characteristics of a corporation and which have the officers and the organization to make the reports required in order to subject them to taxation." This was so because the legislature was aware that the phrase itself was confusing and did not lend itself to ready definition within the context of corporate taxation.

Specifically, the court reasoned that it would be anomalous to tax all the partners of a limited partnership the same since a limited partnership, by its very nature, possessed both limited and general partners. While the taxing of a limited partner's interest would be consistent with the legislative intent—since a limited partner's limited liability is analogous to a corporate stockholder's liability—taxing a general partner's interest would not, since a general partner's unlimited liability is the same as would exist in a common law partnership.[7] The court further reasoned that since the CSTA required the filing of various tax reports and returns, it would be necessary for limited partnerships to have the capacity under the ULPA to appoint officers and promulgate the organization otherwise necessary to the fulfillment of these perfunctory tasks. The ULPA did not provide for such officers or organizations.

Noteworthy for present purposes is the fact that the court drew a clear distinction between a limited partnership formed under the ULPA and a registered partnership formed under the RPA. While the limited partnership lacked the two key corporate characteristics of complete limited liability for all partners and corporate-type organization (*i.e.*, officers), the regis-

---

[7] The ULPA itself makes it clear that a limited partner's liability is limited to his contribution; the *quid pro quo* for such liability is his inability to take part in the control of the business. *See* Sections 1, 7 and 17 of the ULPA, 59 P.S. §§171, 191 and 201.

tered partnership could have both: (1) the RPA was expressly enacted to provide a form of limited partnership where *all* the partners could be limited partners, and (2) the RPA clearly provided for the creation of "official positions for the transaction of the business of the partnership." *See* Sections 1 and 4 of the RPA, 59 P.S. §§241, 262. It seems, therefore, that while the court in *Biddle & Henry* ultimately found that limited partnerships formed pursuant to the ULPA were not subject to the capital stock tax, it nevertheless provided strong doctrinal support for the Attorney General's 1903 opinion that registered partnerships were subject to the tax. Indeed, we note in this regard that the court chose to cite, with apparent approval, that very opinion letter.

The following year, the Attorney General drafted another opinion letter relating to the taxation of limited partnerships formed pursuant to the ULPA under an emergency profits tax which, like the CSTA, sought to tax corporations and other business organizations including limited partnerships. *See Emergency Profits Tax No. 2,* 5 Pa. D. & C. 585 (1924). Relying exclusively on *Biddle & Henry, supra,* and the reasons cited therein, the Attorney General opined that limited partnerships were not subject to the tax.

Relying on *Biddle & Henry* and the 1924 Attorney General's letter, the Department, over the years, has not assessed the capital stock or the corporate net income tax against limited partnerships formed under the ULPA. At the same time, again in reliance on *Biddle & Henry* and the 1903 Attorney General opinion letter, the Department has assessed these taxes on registered partnerships.[8]

---

[8] Stradley and Krekstein comment generally upon this evolution in their treatise on Pennsylvania corporate taxation. *See* Stradley and Krekstein, *Corporate Taxation and Procedure in Pennsylvania,* §64, p. 91 (1940). The Commerce Clearing House *Pennsylvania Tax*

Now after the passage of over half a century, this moribund issue is resurrected anew. As we understand it, Northeastern makes two specific contentions. First, the CSTA and CNITA are ambiguous or unclear as they relate to limited partnerships, and, since taxing statutes are strictly construed and taxes cannot be imposed by implication, they cannot be applied here.

---

*Reporter* at ¶5-104, p. 709, notes by way of editorial comment the following:

> The capital stock tax and franchise tax are imposed on limited partnerships which bear the fundamental aspects of a corporation. Under this basis the capital stock tax is imposed on limited partnerships formed under the Acts of June 2, 1874, P.L. 271 and May 9, 1899, P.L. 261. Limited or special partnerships formed under the Acts of March 21, 1836, P.L. 143, and April 12, 1917, P.L. 55, are not subject to the capital stock tax.

Specific entries which follow spell out the basis for the different treatment:

> ¶5-104.13 Limited partnerships formed under Act of 1889.—Limited partnerships formed under the Act of May 9, 1899, P.L. 261, as amended by the Act of May 8, 1901, P.L. 149, are subject to the capital stock tax. *Attorney General to Auditor General*, ('03), 28 C.C. 582.

> ¶5-104.14 Limited partnerships formed under Uniform Act of 1917.—Inasmuch as it appears to have been the intent of the Legislature to impose the capital stock tax on such limited partnerships as constituted quasi-corporations, having officers and requiring a decree of court to effect dissolution, partnerships organized under the Uniform Limited Partnership Act of April 12, 1917, P.L. 55, which repealed and replaced the Act of 1836 and its supplements, are not subject to the tax. Partnerships organized under the Acts of June 2, 1874, P.L. 271, and May 9, 1899, P.L. 261, are quite different and subject to the tax. *Com. v. Biddle & Henry* ('23), 2 D. & C. 705.

As to the corporate net income tax, the *Pennsylvania Tax Reporter* discloses that those limited partnerships classed with corporations for capital stock tax purposes are classed with corporations for corporate net income tax purposes as well. *See* ¶10-102, p. 1105. Specific reference is also made to registered partnerships being included in the definition of "corporation." See ¶10-102a(c), p. 1105-2.

*Loeb Estate,* 400 Pa. 368, 162 A.2d 207 (1960); *Fischer v. City of Pittsburgh,* 383 Pa. 138, 118 A.2d 157 (1955); 1 Pa.C.S. §1928(b)(3). Secondly, even if the tax statutes are viewed as clear and unambiguous, registered partnerships do not possess the requsite corporate characteristics to bring them within the ambit of the legislative intent.

Our resolution of this case is facilitated by the fact that the Department's statutory interpretation resulting in assessing the capital stock tax and corporate net income tax on registered partnerships—an interpretation dating, so far as the capital stock tax is concerned, at least from the 1903 Attorney General's opinion letter—remained unchallenged for many years. During this same, long period of time, the legislature had numerous opportunities to change the disputed language. Indeed, research discloses that both acts were amended more than ten times over their existence. As has been said, "[i]f the interpretation placed upon the statute for all these years was not the interpretation intended by the legislature, it would have amended the section. . . ." *Mohan v. Publicker Industries, Inc.,* 202 Pa. Superior Ct. 581, 586, 198 A.2d 326, 329 (1964); *see also Krivosh v. City of Sharon,* 205 Pa. Superior Ct. 498, 211 A.2d 109 (1965). We believe, therefore, that the Department's interpretation of the phrase "limited partnership" in the CSTA and CNITA to include registered partnerships does comport with the legislative intent of imposing corporate taxation on business organizations resembling corporations.

We do consider significant in this regard the fact that the legislature chose to use the disputed phrase "limited partnership" when it promulgated the CNITA in 1935. We believe that when the legislature, in subsequent legislation, chooses to use the same disputed language as it had used in previous legislation,

and where, as here, that language has been interpreted by the Attorney General, an administrative agency and by a court, the legislature may be presumed to have adopted those interpretations. *Commonwealth v. Sitkin's Junk Co.,* 412 Pa. 132, 194 A.2d 199 (1963); *Appeal of Saba,* 58 Luz. L. Reg. 235 (1968).

Having considered de novo all the arguments raised, we hold that registered partnerships formed under the Registered Partnership Act are subject to the capital stock tax and the corporate net income tax.

## Conclusions of Law

1. Northeastern Building Registered, a registered partnership, is subject to capital stock tax liability under the provisions of the Capital Stock Tax Act for its calendar year 1970.

2. Northeastern Building Registered is subject to corporate net income tax liability under the provisions of the Corporate Net Income Tax Act for its calendar year 1970.

3. The capital stock tax of Northeastern Building Registered for calendar year 1970 is $875.00.

4. The corporate net income tax of Northeastern Building Registered for calendar year 1970 is $2,186.04.

5. Judgment should be entered in favor of the Commonwealth and against Northeastern Building Registered in the total amount of $3,061.04.

## Decree Nisi

And Now, this 27th day of March, 1979, it is ordered and decreed that judgment be entered in favor of the Commonwealth and against Northeastern Building Registered in the amount of $3,061.04 together with interest and costs according to law, unless exceptions be filed hereto within thirty (30) days. The Prothonotary is directed to notify forthwith the parties hereto or their counsel of this decree.