539 A.2d 486

County of Chester, Appellant *v.* John A. Herdeg, Appellee.

Argued December 16, 1987, before President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Janet M. Colliton,* with her, *John S. Halsted,* for appellant.

*Joseph C. Bright, Jr.,* with him, *Stephen P. Chawaga, Drinker, Biddle & Reath,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 24, 1988:

The County of Chester appeals[1] a Chester County Common Pleas Court order directing the County Board

---

[1] The arguments of Chester County are supported by amici curiae Dauphin, Delaware, Lackawanna and Bucks Counties by Order of October 2, 1987.

of Assessment Appeals to refund to John A. Herdeg taxes paid pursuant to Section 1 of the Act of June 17, 1913, P.L. 507, *as amended*, 72 P.S. §4821 (hereinafter County Personal Property Tax Act). We affirm.

The facts were set forth in the parties' stipulation and adopted by the common pleas court. Herdeg, a Chester County resident, owned a number of stock shares in the Wilmington Trust Company, a bank incorporated and having its principal place of business in Delaware. In 1985, when Herdeg filed his personal property tax return, he claimed that those shares were excluded and requested a refund of taxes for 1985 and 1984. The Chester County Board of Assessment Appeals denied his refund requests for both years.

The common pleas court held that the County Personal Property Tax Act excluded foreign bank stock shares from taxation and directed the Board to issue a refund to Herdeg.

The sole issue on appeal is whether Herdeg's stock in the Wilmington Trust Company is subject to the personal property tax. For the reasons set forth below, we hold that it is not.

Section 1 of the County Personal Property Tax Act, 72 P.S. §4821, provides:

> All personal property of the classes hereinafter enumerated, owned, held or possessed by any resident . . . is hereby made taxable annually for county purposes. . . .

The provision specifies numerous classes of property, including

> all shares of stock in any bank, corporation, association, company, or limited partnership, created or formed under the laws of this Commonwealth or of the United States, or of any other state or government, *except shares of stock in any bank,*

*bank and trust company,* national banking asso-
ciation, savings institution, corporation, or limit-
ed partnership . . . *liable to or relieved from the
capital stock or franchise tax* for State purposes·
under the laws of this Commonwealth.

(Emphasis added.)

The convolution of this statute, which labors through
more than 1600 words and innumerable clauses, has un-
derstandably caused confusion upon its interpretation.
Indeed, the personal property tax has been described as
providing *exemptions, Girard Trust Co. Trustee's Ap-
peal,* 333 Pa. 129, 3 A.2d 252 (1938), as well as *ex-
clusions* from liability. This Court has stated, "since the
act does not give municipalities the authority to impose
such taxes the exception in question is not an exemption
provision but a limitation of the general authority to tax
otherwise conferred." *City of Philadelphia, Board of
Revision of Taxes v. Elkins,* 11 Pa. Commonwealth Ct.
120, 124, 312 A.2d 806, 808 (1973) (quoting *Fischer v.
Pittsburgh,* 383 Pa. 138, 118 A.2d 157 (1955)). Hence,
the enumeration of what is not taxable property—what
is not to be taxed in the first place—is an exemption
only to the extent that such property is "exempt from
the operation of the tax." *See Commonwealth v. Sitkin's
Junk Co.,* 412 Pa. 132, 141, 194 A.2d 199, 204 (1963).
We must therefore conclude that the provision in ques-
tion creates an exclusion, rather than an· exemption,
which must be construed, to the extent there is any
doubt about the meaning of the statutory language,
against the taxing body. *Rossi v. Commonwealth,* 20 Pa.
Commonwealth Ct. 517, 342 A.2d 119 (1975).

For our purpose then, the County Personal Property
Tax Act excludes from taxation shares of stock in any
bank, or bank and trust company which is *liable to or
relieved from* the state capital stock or franchise tax.

. This Commonwealth's capital stock-franchise tax provisions (Article VI)[2] impose a tax on the capital stock of, or other interest in, both domestic and foreign entities.

Section 601[3] of Article VI defines a "foreign entity" as

[e]very corporation . . . now or hereafter incorporated or organized by or under the law of any other state or territory of the United States, or
. by the United States . . . and doing business in and liable to taxation within the Commonwealth . . . *other than.* nonprofit corporations, *banks, savings institutions,* title insurance *or trust companies.* . . .

(Emphasis added.)

The County in essence contends that since banks incorporated in other states are not "foreign entities" as defined in Article VI, their stock shares are not liable to the capital stock-franchise tax. Hence, the County argues that since Herdeg's shares are neither liable to nor relieved from the capital stock-franchise tax, they *are* subject to the four-mill county personal property tax.

However, as the common pleas court noted, this reasoning was rejected by our Supreme Court in *Miller's Estate,* 330 Pa. 477, 199 A. 148 (1938), when it was called upon to consider a similar exclusion for insurance companies under the *State* Personal Property Tax Act.[4] There, the Court found that, in order to be excluded from that tax by virtue of being "relieved from" a tax on

---

[2] Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §§7601—7606.

[3] 72 P.S. §7601.

[4] Act of June 22, 1935, P.L. 414, *as amended.* This act, creating a *state* personal property tax, expired by its own provisions in 1943.

588

capital stock, it was not necessary for an interest in foreign entities to be subject to the tax in the first place.

> [H]ere the legislature has specifically 'excepted' foreign insurance companies. This is all that the authorities . . . require. . . . [M]oreover, it was not necessary in their case that there be a prior liability to tax which was subsequently removed.

*Id.* at 480, 199 A. at 149 (citations omitted).

In the absence of any contrary instruction, we must follow the reasoning of our Supreme Court in construing the nearly identical provisions of the capital stock-franchise tax and county personal property tax.

Moreover, we are not persuaded by the County's argument that the use of the phrase "relieved from" in another provision of Article VI[5] indicates that the legislature meant to relieve from the property tax only the class of capital stock enumerated in that section. While it is true that the particular phrase, "relieved from" is used there, it is not a talismanic expression; tax "relief" can be afforded by other means such as exemptions, exceptions (as in *Miller's Estate)* or exclusions.

Nor are we persuaded by the County's argument that the sole purpose of the personal property tax exclusion is to prevent double taxation. In *Girard Trust,* our Supreme Court explained that, in enacting the county personal property tax, "the legislature no doubt had in mind either its legal inability to subject these exempted intangibles to a tax, or that the exempted intangibles had already been taxed in another form for State purposes. In a word, the legislature wished, *among other things,* to avoid double taxation. *There are other exemp-*

---

[5] Section 602(a), 72 P.S. §7602(a), states: "[I]t being the object of this provision to relieve from state taxation, except for imposition of the seventy-five ($75) dollar minimum tax under this section, only so much of the capital stock as is invested purely in the manufacturing, processing, research or development plant and business."

*tions noted which cannot be explained on these two grounds, but rest on other policies. Id.* at 132, 3 A.2d at 254 (emphasis added).

Thus, we construe the language of the capital stock-franchise tax to exclude out-of-state banks from liability as foreign entities. As excluded foreign entities, the shares of the stock owned by Commonwealth residents are relieved from that tax. Having been relieved from the capital stock-franchise tax, they are in turn excluded from liability for the county personal property tax.

The common pleas court order is affirmed.

### ORDER

The order of the Chester County Common Pleas Court, No. 86-02159 dated April 14, 1987, is affirmed.