565 A.2d 508

**PROVIDENT NATIONAL BANK, Lois F. McNeil, George M. Brodhead and Warrin C. Meyers, Executors of the Estate of Henry S. McNeil, Appellants,**

v.

**The MONTGOMERY COUNTY BOARD OF ASSESSMENT APPEALS, Appellee.**

**Carolyn W. JONES, (Carolyn W. Lamberton), Clifford H. Swain, and R. Craig Butchenhart, Executors of the Estate of Robert E. Lamberton, III, Appellants,**

v.

**The MONTGOMERY COUNTY BOARD OF ASSESSMENT APPEALS, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1989.

Decided Oct. 23, 1989.

Joseph C. Bright, Jr., with him, Stephen P. Chawaga, Drinker, Biddle & Reath, Philadelphia, for appellants.

Bert M. Goodman, Asst. Sol., with him, R. Stephen Barrett, Asst. Sol., for appellee.

Before CRUMLISH, Jr., President Judge, and COLINS and McGINLEY, JJ.

McGINLEY, Judge.

These consolidated appeals are from decisions by the Montgomery County Court of Common Pleas (trial court) affirming rulings by the Montgomery County Board of Assessment Appeals (Board) that the interests in certain limited partnerships owned by the Estate of Henry S. McNeil and the Estate of Robert E. Lamberton, III (Estates) are subject to Section 1 of the Act of June 17, 1913, P.L. 507, *as amended*, 72 P.S. § 4821 (County Personal Property Tax Act).[1]  We reverse.

Robert E. Lamberton, III died on April 22, 1985, owning interests in three limited partnerships which passed to the

---

1. This section defines personal property for purposes of taxation under the County Personal Property Tax Act.

Lamberton estate. One of the partnerships was formed under and is governed by the laws of Pennsylvania; the remaining two were formed under and are governed by the laws of Idaho. Both Pennsylvania and Idaho have adopted a version of the Uniform Limited Partnership Act (Uniform Act).[2] On July 14, 1987, the Lamberton estate received a corrected personal property tax bill in the amount of $5,434.41, reflecting the Board's determination that the estate's interests in the limited partnerships were taxable property for the years 1982 to 1985.

Henry S. McNeil died on May 2, 1983, owning interests in five limited partnerships which passed to the McNeil estate. None were formed under or governed by the laws of Pennsylvania; two were formed under and governed by the laws of Texas, and one each under the laws of Maine, Ohio and Guam. Each of these states has adopted a version of the Uniform Act. McNeil acquired his interests between 1971 and 1981. On February 12, 1986, the McNeil estate received a corrected personal property tax bill in the amount of $48,888.68, reflecting the Board's determination that the estate's interests in the limited partnerships were taxable property for the years 1978 to 1983.

The Estates appealed their tax bills to the Board, and the appeals were denied. The Estates appealed to the trial court and the parties filed a joint stipulation of facts. The trial court affirmed the Board's decision in each appeal on January 17, 1989. The executors of the Estates filed timely appeals to this Court and the matters were consolidated by order on March 6, 1989.[3]

The Board argues that the Estates' interests in the Uniform Act limited partnerships are taxable under the County

2. Act of December 19, 1975, P.L. 524, *as amended,* 59 Pa.C.S. §§ 501–545.

3. The executors of the McNeil estate, petitioners in the appeal at No. 3024 C.D.1988, include the Provident National Bank, Lois F. McNeil, George M. Brodhead, and Warrin C. Meyers. The executors of the Lamberton estate, petitioners in the appeal at No. 3025 C.D.1988, include Carolyn W. Jones, Clifford H. Swain, and R. Craig Butchenhart.

Personal Property Tax Act. The Estates argue that their interests in the limited partnerships are not taxable under the County Personal Property Tax Act and that the taxing of limited partnership interests is unconstitutional discriminatory taxation and double taxation.

The trial court relied upon its December 10, 1987, decision in *Tanner Estate*,[4] and adopted its reasoning in these two appeals. The trial court stated that the instant matters were "on all fours with the *Tanner* Adjudication." (Trial court's orders of January 17, 1989, at 1.) In *Tanner*, the court granted the Board's claim and determined that the decedent's interests in certain Virginia limited partnerships were subject to the personal property tax.

Section 1 of the County Personal Property Tax Act, exempts those limited partnerships "liable to or relieved from the capital stock or franchise tax for State purposes under the laws of this Commonwealth." The *Tanner* Court examined Pennsylvania's capital stock-franchise tax provisions (Article VI)[5] and concluded that because the Virginia limited partnerships were not doing business in Pennsylvania, they were not liable to this state's franchise tax,[6] and further concluded that foreign limited partnerships could not be deemed relieved from the tax because they were outside the scope of the tax *ab initio*. The *Tanner* Court properly interpreted the County Personal Property Tax Act and found that if the limited partnership is "liable to or relieved from" the Pennsylvania stock or franchise tax, the decedent's interest is exempt from Montgomery County's personal property tax, but the *Tanner* Court answered the question without first determining whether such a limited partnership interest is "personal property" under the Coun-

4. 8 Pa.Fiduc.2d 111 (Montg.Co.1988). Court of Common Pleas of Montgomery County, Pennsylvania, Orphans' Court Division, Docket No. 87–286.

5. Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§ 7601–7606. These provisions impose a tax on the capital stock of, or other interest in, both domestic and foreign entities.

6. "A franchise tax is purely a tax on the right and privilege to conduct business within the Commonwealth." *Clairol Inc. v. Commonwealth of Pennsylvania*, 513 Pa. 74, 79, 518 A.2d 1165, 1167 (1986).

ty Personal Property Tax Act. As a result the trial court erred as a matter of law. The issue before this Court, therefore becomes, whether the Estates' interests in the limited partnerships are "personal property" for purposes of taxation under Section 1 of the County Personal Property Tax Act. This section provides in pertinent part:

All personal property of the classes hereinafter enumerated, owned, held or possessed by any resident ... is hereby made taxable annually for county purposes.... all shares of stock in any bank, corporation, association, company, or limited partnership, created or formed under the laws of this Commonwealth or of the United States, or of any other state or government, except shares of stock in any bank, bank and trust company, national banking association, savings institution, corporation or limited partnership liable to a tax on its shares of or a gross premiums tax, or liable to or relieved from the capital stock or franchise tax for state purposes under the laws of this Commonwealth; and all moneys loaned or invested in other states, territories, the District of Columbia or foreign countries; all other moneyed capital owing to individual citizens of the state....

The Board claims that the limited partnership interests held by the Estates are taxable under the County Personal Property Tax Act because they fall within each of these three classifications under Section 1 of the County Personal Property Tax Act: "all moneys loaned or invested in other states, territories, the District of Columbia or foreign countries;" "all other moneyed capital owing to individual citizens of the State;" or "all shares of stock in a bank, corporation, association, company, or limited partnership." The Estates argue that none of these classifications, nor any other classifications in the County Personal Property Tax Act apply to interests in limited partnerships formed under the Uniform Act. We agree.

The Board argues that interests in limited partnerships are investment contracts and therefore must be "moneys loaned or invested in other states." The Supreme Court of

Pennsylvania in *Arbuckle's Estate*, 324 Pa. 501, 510, 188 A. 758 (1936), held that an interest in a limited partnership is not taxable under this classification because such an interest does not constitute an investment. In *Arbuckle's Estate*, Allegheny County attempted to tax the balance of a deceased partner's interest in a partnership under the County Personal Property Tax Act. The Supreme Court considered whether the interest fell into either of two classes of taxable property: "all articles of agreement and accounts bearing interest," or "all moneys loaned or invested in other states, territories, the District of Columbia or foreign countries." The Court concluded that while accounts bearing interest did include money owing from the partnership to the deceased partner in liquidation of his partnership interest, the partnership interest itself was neither an article of agreement nor an account bearing interest. The debt was taxable, but the partnership interest was not. The Supreme Court added that the decedent had neither loaned money to, nor made an investment in, the partnership and concluded that:

> An investment is frequently defined as the conversion of cash into property or as the property into which it is converted. We think the words read in the light of the rest of the section cannot have been intended to include the money employed by a partnership composed of residents of Pennsylvania, engaged in this state and elsewhere, whether as capital contribution or resulting accretions in the conduct of the business wherever it may have been transacted.

*Arbuckle's Estate*, 324 Pa. at 510, 188 A. at 782.

Later, in *Girard Trust Company's Case*, 343 Pa. 434, 23 A.2d 454 (1942) the Supreme Court considered the applicability of the now-expired State Personal Property Tax Act of 1935 (State Tax Act)[7] to an estate's interest in a limited partnership. The statute used language virtually identical to that of Section 1 of the County Personal Property Tax

---

7. Act of June 22, 1935, P.L. 414, *as amended.* This act, creating a state personal property tax, expired by its own provisions in 1943.

Act and taxed "moneys owing by solvent debtors, whether promissory note, or penal or single bill, bond or judgment ... articles of agreement and accounts bearing interest." The Supreme Court held that none of the sums due from or payments made by the partnership to the estate came within the enumerated items of personal property. The Court concluded that the legislature specifically and clearly listed "moneys owed by solvent debtors on notes, bills, etc.," and "articles of agreement and accounts bearing interest," and that if limited partnership capital and profits were to be included the legislature would have said so. *Girard Trust*, 343 Pa. at 435, 23 A.2d at 455.

The Board argues that *Girard Trust* is not applicable because it involved construction of the repealed State Tax Act. In *County of Chester v. Herdeg*, 114 Pa.Commonwealth Ct. 583, 539 A.2d 486 (1988), wherein the Commonwealth Court held that the state's capital stock franchise tax excludes out-of-state banks from imposition of tax on their capital stock and therefore stock owned by state residents is also relieved from tax, the Court stated that "[i]n the absence of any contrary instruction, we must follow the reasoning of our Supreme Court in construing the nearly identical provisions of the capital stock-franchise tax and county personal property tax." *County of Chester*, 114 Pa.Commonwealth Ct. at 585, 539 A.2d at 488.

Section 3 of the Statutory Construction Act, Act of December 6, 1972, P.L. 1339, *as amended*, 1 Pa.C.S. § 1928, includes "provisions imposing taxes" as among those which shall be strictly construed. The *Girard Trust* Court stated the general rule as "taxation statutes must be strictly construed in favor of the taxpayer. And in following this rule the legislature in the Act under consideration has taken pains to avoid generalities. It names specifically the sorts of property it intends shall be taxed." *Girard Trust*, 343 Pa. at 435, 23 A.2d at 455. The County Personal Property Tax Act does not specifically name interests in limited partnerships as taxable property.

The Board next argues that the Estates' interests are taxable as "moneyed capital owing to individual citizens." The Supreme Court in *Pennsylvania Company's Appeal,* 337 Pa. 321, 11 A.2d 160 (1940) stated that investment trust certificates are not taxable as "moneyed capital in the hands of individual citizens of the State," because to regard them as such "would war with the whole plan of the Act, which, as we have said above, obviously was to particularize and to be specific, no doubt with the purpose in mind of clearly stating interests to be taxed so as to meet the rule of strict construction." *Pennsylvania Company's Appeal,* 337 Pa. at 324–325, 11 A.2d at 162. The Supreme Court rejected the City of Philadelphia's argument that the County Personal Property Tax Act be interpreted by application of the doctrine of *ejusdem generis,* because it "might be extended to meet forms of personal property similar to those enumerated, but not totally different." *Pennsylvania Company's Appeal,* 337 Pa. at 325, 11 A.2d at 162.

Finally, in a similar vein, the Board argues that some limited partnerships have certain characteristics of a corporation and so the Estates' interests are taxable as "shares of stock" in a limited partnership. The Board concedes that partnerships formed pursuant to the Uniform Act, unlike other forms of partnerships, do not issue "shares of stock," and this is an essential condition of taxability under the County Personal Property Tax Act. Also, "shares of stock" is not defined in the County Personal Property Tax Act and, as the Estates note, the term "stock" is not used in the Uniform Act. The Board cites *Northeastern Building Registered v. Commonwealth of Pennsylvania,* 41 Pa.Commonwealth Ct. 403, 399 A.2d 449 (1979) wherein the Commonwealth Court found registered partnerships similar to corporations and held that a registered partnership was taxable as a quasi-corporation for corporate stock and franchise tax purposes. The Board still compares the registered partnership [8] to the limited partnership formed under the

8. Registered partnerships were formed pursuant to the Act of May 9, 1899, P.L. 261 *as amended, formerly* 59 P.S. §§ 241–321 (Registered

Uniform Act despite language in *Northeastern Building Registered* clearly distinguishing between the two.

The *Northeastern Building Registered* Court discussed the decision in *Commonwealth v. Biddle & Henry*, 2 Pa.D. & C. 705 (1923) wherein the Court of Common Pleas of Dauphin County held that limited partnerships formed pursuant to the Uniform Act were not subject to the capital stock tax act. This Court stated:

> Noteworthy for present purposes is the fact that the court drew a clear distinction between a limited partnership formed under the ULPA and a registered partnership formed under the RPA. While the limited partnership lacked the two key corporate characteristics of complete limited liability for all partners and corporate-type organization (i.e., officers), the registered partnership could have both: (1) the RPA was expressly enacted to provide a form of limited partnership where *all* the partners could be limited partners, and (2) the RPA clearly provided for the creation of 'official positions for the transaction of the business of the partnership.' (Emphasis in original.)

*Northeastern Building Registered*, 41 Pa.Commonwealth Ct. at 407–408, 399 A.2d at 451.

We agree with the Estates' interpretation of the County Personal Property Tax Act while recognizing that the legislature has repeatedly amended the subject statutes without altering their judicial interpretation. " 'If the interpretation placed upon the statute for all these years was not the interpretation intended by the legislature, it would have amended the section....' (Citations omitted.)" *Northeastern Building Registered*, 41 Pa.Commonwealth Ct. at 410, 399 A.2d at 452.

We conclude that the Estates' interests are not "personal property" within the County Personal Property Tax Act,

Partnerships Act), repealed by the Act of January 18, 1966, P.L. (1965) 1305, but remaining effective until January 1, 1971.

and accordingly, we reverse the trial court's orders.[9]

### ORDER

AND NOW, this 23rd day of October, 1989, the orders of the Court of Common Pleas of Montgomery County dated January 17, 1989, at No. 87–13109 and No. 87–13268, are hereby reversed.

9.  Due to disposition of this issue, it is unnecessary to address the issue of the constitutionality of the taxation of the Estates' limited partnership interests under the County Personal Property Tax Act.