Fischer *v.* Pittsburgh, Appellant.

Argued October 4, 1955. Before STERN, C. J., STEARNE, JONES, MUSMANNO and ARNOLD, JJ.

*David Stahl,* Assistant City Solicitor, with him *J. Frank McKenna, Jr.,* City Solicitor, for appellants.

*Jerome C. Bachrach,* with him *Abe R. Cohen,* and *Crone & Cohen,* for appellees.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, November 16, 1955:

We allowed this appeal from a decision of the Superior Court (178 Pa. Superior Ct. 16, 112 A. 2d 814) affirming an order of the Court of Common Pleas of Allegheny County which held that plaintiffs were not subject to an earned income tax imposed by an ordinance of the City of Pittsburgh.

Plaintiffs are a partnership engaged in the manufacture of bed springs and allied products. The ordinance in question was enacted under and by virtue of the authority granted by the Act of June 25, 1947, P. L. 1145, which authorized certain political subdivisions, including cities of the second class, to levy, assess and collect taxes, with certain specified exceptions, on persons, transactions, occupations, privileges, subjects and personal property. An amendment of May 9, 1949, P. L. 898, added another exception, namely, that they should not have authority to levy, assess and collect a tax on goods and articles manufactured in such political subdivision or on the by-products of manufacture, or on any privilege, act or transaction related to the business of manufacturing. The Pittsburgh ordinance imposed a tax on the net profits earned from businesses, professions and other activities conducted by residents of the city, "business" being defined as "an enterprise, activity, profession, or

undertaking of any nature conducted for profit or ordinarily conducted for profit, whether by an individual, partnership, association, or any other entity." Partnerships were required to pay the tax for each partner's share of the total net profits therefrom whether or not the net profits were actually distributed to the partners. Plaintiffs contended that the profits earned in their business were not subject to the tax because of the statutory provision above cited forbidding the taxation of goods and articles manufactured in the city or any privilege, act or transaction related to the business of manufacturing. They filed a complaint to enjoin the city from collecting the tax on their net profits, and both the Common Pleas Court and the Superior Court sustained their position.

Much of the argument of both the plaintiffs and the city is directed to the question whether the exception added by the 1949 amendment should be strictly construed against the city or against the taxpayer. Plaintiffs argue that it constituted a limitation on the power of the municipality to tax, whereas the city contends that it is in the nature of an exemption provision. On the one hand, municipal corporations can levy no taxes unless the power be plainly and unmistakably conferred by the sovereign state, and the grant of such right must be strictly construed and not extended by implication: *Hillman Coal & Coke Co. v. Jenner Township*, 300 Pa. 108, 112, 150 A. 293, 295; *Breitinger v. Philadelphia*, 363 Pa. 512, 514, 515, 70 A. 2d 640, 642; *Allentown School District Mercantile Tax Case*, 370 Pa. 161, 171, 87 A. 2d 480, 484, 485. But if the power to tax exists and the taxpayer is within the general language of the statute or ordinance imposing the tax, all provisions relied upon to establish an exemption from the tax should be strictly construed against the claim for exemption: *Commonwealth v. McCarthy*, 332

Pa. 465, 468, 3 A. 2d 267, 269; *Thaw Estate,* 163 Pa. Superior Ct. 484, 488, 63 A. 2d 417, 419. The Act of 1947 as amended authorizes the municipalities therein designated to impose taxes on certain persons, property and subjects *except* that they *shall not have authority* to impose a tax on goods and articles there manufactured, or on any privilege, act or transaction related to the business of manufacturing. It is obvious, therefore, that since the act does not give municipalities the authority to impose such taxes the exception in question is not an exemption provision but a limitation of the general authority to tax otherwise conferred. Any doubt, therefore, concerning the construction of the legislation must be resolved in favor of the taxpayer and against the city.

What, then, is the proper interpretation to be applied? It is argued by plaintiffs that a tax on the earned net profits of a business is a tax on the plant, machinery, equipment, and goods and articles manufactured or in process of manufacture, because profits can be obtained only from the investment in the enterprise of capital made up of those items of property; reliance is placed upon the frequently reiterated statement that a tax on the income produced by property is a tax on the property from which it is derived: *Murray v. Philadelphia,* 364 Pa. 157, 172, 71 A. 2d 280, 287. That principle, however, applies not to earned, but to unearned income. Of course income is itself property, and in that sense a tax even on earned income is a tax on property, but it is not a tax on the property utilized in producing the income since earned income is the result of the active conduct, management, labor and supervision of a money-making occupation; the physical property may frequently be quite a minor factor in the acquisition of profits. We are, therefore, of opinion that, so far as concerns the statutory pro-

hibition of a tax on goods and articles manufactured in the city, the imposition of the tax on the net profits of plaintiffs' business would not have been invalid.

When we come to a consideration of the portion of the 1949 amendment which forbids the imposition of a tax on "any privilege . . . related to the business of manufacturing", a totally different question presents itself. It was held in *Isaly Dairy Co. v. Pittsburgh*, 379 Pa. 108, 108 A. 2d 728, and in *H. J. Heinz Co. v. Pittsburgh*, 170 Pa. Superior Ct. 435, 87 A. 2d 96, that a tax on the sales by a manufacturer of the manufactured articles was a tax on a "privilege" related to the business of manufacturing. In the *Isaly* case it was said (p. 111, A. 2d p. 730) that "In ordinary parlance a manufacturer's business includes the purchase of the raw material, the mechanical process of manufacturing it into some other article or product, and the sale of such article or product, from which sale the profit of the manufacturer is derived." It was similarly said in the *Heinz* case (pp. 439, 440, A. 2d p. 98) that ". . . the sale of the products of manufacture is an essential part of the business of manufacturing; the power to manufacture implies the power to sell what it thus produced. . . . It is only by selling what it makes that a manufacturer can realize its profit from manufacturing." The sale of the manufactured articles being, therefore, a privilege, act or transaction related to the business of manufacturing, it is equally a privilege related to the business of manufacturing to obtain profits therefrom. Viewed realistically, unless there were attendant upon such business the privilege of selling the manufactured articles at a profit, there would certainly be no manufacturing carried on at all, for the ordinary motivation of all business enterprise is to derive profits therefrom. A tax on the net profits of the business is a tax on that privilege. We are there-

fore of opinion that the order of the Superior Court which affirmed the order of the Court of Common Pleas of Allegheny County enjoining the levy and collection of the tax on the net profits of plaintiffs' business should be affirmed.

Order affirmed at the cost of appellant City of Pittsburgh.