City of Philadelphia, Board of Revision of Taxes, Appellant, *v.* William L. Elkins, Appellee.

Argued October 1, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*James M. Penny, Jr.,* Assistant City Solicitor, with him *John Mattioni,* Deputy City Solicitor, *Howard D. Scher,* Assistant City Solicitor, and *Martin Weinberg,* City Solicitor, for appellant.

*Duffield Ashmead, III,* with him *Lawrence J. Fox,* for appellee.

OPINION BY JUDGE MENCER, November 23, 1973:

This appeal presents for interpretation a portion of Section 1 of the Personal Property Tax Act of June 17, 1913, P. L. 507, as amended (Act of 1913), 72 P.S. §4821. That portion imposing a four-mill tax reads, in part, as follows: "All personal property of the classes hereinafter enumerated, owned, held or possessed by any resident . . . , whether such personal property be owned, held, or possessed by such resident in his, her, their or its own right, or as active trustee, agent, attorney-in-fact, or in any other capacity, or by any resident as trustee, agent or attorney-in-fact, jointly with one or more trustees, agents or attorney-in-fact, domiciled in another state, where such personal property is held and managed in this Commonwealth, except as executor or administrator of the estate of a non-resident decedent, and except as trustee for a resident or non-resident religious, charitable or educational organization, no part of the net earnings of which inures to the benefit of any private stockholder or individual . . . is hereby made taxable. . . ."

Here we are specifically concerned with the exception from the tax allowed personal property held by a "trustee for a . . . charitable organization, no part of the net earnings of which inures to the benefit of any . . . individual."

On August 10, 1966, William L. Elkins (Elkins) executed a Deed of Trust naming himself as trustee. The charitable trust created provided that, as trustee,

Elkins would pay the net income produced by the trust corpus to charities for a period of ten years and one month, after which time the trust would terminate and the corpus of the trust would return to Elkins.

It is acknowledged by stipulation that this was an irrevocable charitable trust[1] and that all income would be distributed to charities, as that term is defined in §170(c) of the United State Internal Revenue Code of 1954.

On August 23, 1967, the Department of Collections of the City of Philadelphia advised Elkins that it was assessing the principal of the trust in the amount of $371,450 and would require Elkins to pay a tax to be computed on that amount. Elkins filed an application for correction of assessment with the Board of Revision of Taxes which denied Elkins' application on March 29, 1969. Elkins appealed this ruling to the Court of Common Pleas of Philadelphia County which reversed the Board of Revision of Taxes by order under date of October 24, 1972 and set aside "its assessment of Personal Property Taxes against the corpus of the trust" in question. This appeal followed and we affirm.

We recognize that if the power to tax exists and the taxpayer is within the general language of the statute imposing the tax, all provisions relied upon to establish an exemption from the tax must be strictly construed against the claim for exemption. *University of Pittsburgh Tax Exemption Case,* 407 Pa. 416, 180 A. 2d 760 (1962); *Fischer v. Pittsburgh,* 383 Pa. 138, 118 A. 2d 157 (1955). The claimant for an exemption from taxation must establish himself clearly within the exemption provision. However, as Mr. Chief Justice HORACE STERN stated in *Fischer v. Pittsburgh, supra,* at 142, 118 A. 2d at 159, when considering a statute similarly worded to the one here: "The Act of 1947 as

---

[1] *See* Restatement (Second) of Trusts §348 (1957).

amended authorizes the municipalities therein designated to impose taxes on certain persons, property and subjects *except* that they *shall not have authority* to impose a tax on goods and articles there manufactured, or on any privilege, act or transaction related to the business of manufacturing. It is obvious, therefore, that since the act does not give municipalities the authority to impose such taxes the exception in question is not an exemption provision but a limitation of the general authority to tax otherwise conferred. Any doubt, therefore, concerning the construction of the legislation must be resolved in favor of the taxpayer and against the city." (Emphasis in original.)

An application of these rules of construction to the statute here under consideration and the facts of the instant case results in the conclusion that Elkins is not subject to the four-mill tax on the corpus of the trust established, since it is within the exception provision of the statute.

The legislature was careful to use language excepting certain classes. One of these classes was personal property held by a "trustee for a resident or non-resident religious, charitable or educational organization." We must conclude that if these words are to be given a true justification for existence they must encompass a situation where personal property is held by a trustee for charities. These words of the statute are clear and unambiguous and we must presume that the legislature meant exactly what it said. Statutory Construction Act of 1972, Act of December 6, 1972, P. L.    , No. 290, 1 Pa. S. §1921(b).

Here the corpus of the trust is within the statutory exception. Elkins is, by the terms of the Deed of Trust, the trustee for charities. All income for the life of the trust is to be distributed to the charities and therefore "no part of the net earnings of [the trust] inures to the benefit of any individual."

Any personal property taxes owing would be paid from the income of the trust. *Fleck Estate,* 406 Pa. 363, 178 A. 2d 574 (1962) ; *Stern's Estate,* 31 Pa. D. & C. 565 (1937). If the four-mill personal property tax were imposed on the corpus of this trust, the income paid to the charities would be reduced by exactly the amount that would be paid by the trustee for such personal property taxes. This is precisely the result which the legislature sought to avoid when it enacted the exception under consideration here.

The taxing authority contends that Elkins has removed the corpus of the trust from the exception provision by retaining the right to stock dividends and any accumulation of corpus. Also, since Elkins, as trustee, has the right to invest and manage the corpus, he may benefit personally since the cost of acquiring new or replacement assets would be an administrative cost deductible from current income and new assets might remain a part of the trust corpus at the time the trust terminates and returns to Elkins.

These possibilities would be nothing more or less than necessary consequences of proper fulfillment of the trustee's duties relative to the corpus. The proper administration of the trust requires the trustee to exercise such care and skill as a man of ordinary prudence would exercise in dealing with his own property, including the making of reasonable investments and reinvestments to preserve or enhance the corpus. Restatement (Second) of Trusts, §§169, 170, 174, 175, 176 and 379 (1957). Further, none of these possibilities would be in the words of the statute, "net earnings . . . which [inure] to the benefit of any . . . individual." Whatever their proper classification, they would not be "net earnings." Here, the stipulation of facts determines that all income is distributable to the charities.

We join with the lower court in its apropos expression of the instant situation so frustrating to the tax-

ing authorities: "Even if petitioner is using this Trust as a convenient tax shelter, this is no reason to deprive petitioner from taking advantage of what some people would call a 'loophole.' The role of the Court is to interpret the law, not to make it; it is the legislature who must create the law. It is conceded by this Court that petitioner and others like him *may* use the law but, until the legislature deems it necessary to change the Personal Property Tax Act, this is the Act upon which this Court must rely, and this is the law this Court must interpret." (Emphasis in original.)

For the reasons above stated, we hold that William L. Elkins is exempt from paying personal property taxes on the corpus of the trust created by Deed of Trust on August 10, 1966. This corpus qualified under the exemption clause of the Act of 1913 as personal property held by a "trustee for a charitable organization."

Order affirmed.