409 A.2d 27

**COMMONWEALTH of Pennsylvania**

v.

**PHOEBE W. HAAS CHARITABLE TRUST "A", F. Otto Haas, et al. Trustees, Appellants.**

Supreme Court of Pennsylvania.

Dec. 21, 1979.

Philip C. Herr, II, Philadelphia, for appellants.

Robert Patrick Coyne, Vincent J. Dopka, Deputy Attys. Gen., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This is an appeal from a decision of the Commonwealth Court [1] affirming the refusal of the Commonwealth Board of Finance and Review to refund certain income taxes paid by a trust known as "Phoebe W. Haas Charitable Trust 'A.'" Phoebe W. Haas created a trust by deed, dated August 24, 1961, which provides, *inter alia*:

1. The income from the trust is to be paid to charity for a period to end twenty years after the death of the survivor of the settlor's sons, F. Otto Haas and John C. Haas.

2. If the annual income from the trust is not equal to three and one-half percent of the principal, the deficiency must be made up from the principal.

3. Each son of the settlor has a power of appointment over one-half of the assets of the trust, by which he may determine who will receive the assets upon termination of the trust.

---

[1]. *Commonwealth v. Haas Charitable Trust "A"*, 29 Pa.Cmwlth. 214, 370 A.2d 406 (1977).

4. The powers need not be exercised in favor of charitable beneficiaries.

In 1972, because of differing ideas between the sons as to how the income should be expended, the trust was divided into two parts: Trust "A" was allocated to F. Otto Haas and is subject to his power of appointment; and Trust "B" was allocated to John C. Haas and is subject to his power of appointment.

The instant dispute concerns the tax liability of Trust "A" for 1972 income, which totalled $479,124.24. Charitable beneficiaries received $457,254.97, and it is agreed by the parties that no tax is due on that portion of the income. The remaining $21,869.27 was allocated to principal and was reported as taxable income. The trust paid the Commonwealth $508.02, including a tax due of $502.99 plus $5.03 in interest. This amount was subsequently claimed as a refund by the appellant trustees, who argue that none of the trust's income is taxable.

This case is governed by the Tax Reform Code of 1971,[2] which imposes a tax of 2.2 percent on the income of resident individuals estates and trusts.[3] The "income" of a trust is defined as that income which it receives and does not distribute or credit to any beneficiary.[4] A "charitable trust" is defined as a "trust operated exclusively for religious, charitable, scientific, literary, or educational purposes." [5]

■ Appellants claim the trust is charitable and is thereby exempt from taxation. A charitable trust is exempt from paying income tax under Personal Income Tax Regulation 301(C.1)2, which requires that the trust be operated exclusively for the purposes enumerated *supra*. None of its net earnings may inure in whole or in part to the benefit of any

2. Act of March 4, 1971, P.L. 6, No. 2, 72 P.S. § 7101, et seq.

3. Art. III, § 303, 72 P.S. § 7303, article added August 31, 1971, P.L. 362, No. 93, § 4.

4. Art. III, § 305, 72 P.S. § 7305.

5. Art. III, § 301(c.1), 72 P.S. § 7301(c.1).

private individual.[6] We find the requirements for exemption have not been met. The fact that some income was allocated to principal means that earnings are not being devoted exclusively to required purposes.

This case is distinguishable from *Philadelphia Bd. of Rev. of Taxes v. Elkins*, 11 Pa.Cmwlth. 120, 312 A.2d 806 (1973). In *Elkins*, the court held a trust was tax exempt when all of its income was given to charity and the exemption was not defeated by the fact that an individual might eventually benefit from an increase in the value of the corpus. In this case, all of the income was not given to charity. Money from earnings was allocated to principal, which might eventually be given to beneficiaries other than charities. Under the circumstances, it cannot be said that no part of the income will inure to the benefit of an individual. We hold the income in question was taxable and that the denial of the refund was proper.

The order of the Commonwealth Court is affirmed.

MANDERINO, J., did not participate in the decision of this case.

FLAHERTY, J., dissents.