598 A.2d 91

**DELAWARE COUNTY SOLID WASTE AUTHORITY, Appellant,**

**v.**

**BERKS COUNTY BOARD OF ASSESSMENT APPEALS and Boyertown Area School District, Appellees.**

**BERKS COUNTY BOARD OF ASSESSMENT APPEALS and Boyertown Area School District, Appellants,**

**v.**

**DELAWARE COUNTY INCINERATOR AUTHORITY and Delaware County Solid Waste Authority, Appellees.**

Commonwealth Court of Pennsylvania.

Argued June 10, 1991.

Decided Sept. 17, 1991.

Reargument Denied Nov. 19, 1991.

Charles K. Serine, for appellant/appellee, Delaware County Solid Waste Authority, et al.

William E. Master, for appellee/appellant, Boyertown Area School Dist., et al.

Before SMITH and PELLEGRINI, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

This case involves the question of whether real property located in Berks County, which property is owned and operated as a landfill by a municipal authority located in Delaware County, is immune or exempt from real estate taxation by local taxing bodies in Berks County.

This dispute centers around the Colebrookdale Landfill, located in Earl Township, Berks County. Prior to 1985, the landfill was owned by R.R.M. Corporation (R.R.M.), and was operated as a private commercial enterprise. However, through a series of transactions which occurred in 1985, ownership of the landfill was transferred to the Delaware County Solid Waste Authority (Authority).[1]

Thereafter, the Authority appealed the real estate tax assessments on the parcels which it acquired from R.R.M. In appealing these assessments, the Authority took the position that, as an authority created pursuant to the Municipality Authorities Act of 1945 (Act),[2] it had the status of an independent agency of the Commonwealth of Pennsylvania, and was therefore immune from real estate taxation. In the alternative, the Authority maintained that its Berks County property was used for a public purpose as a landfill, and that the property was therefore exempt from real estate taxation by Berks County taxing bodies. The Berks

1. The record also makes reference to the Delaware County Incinerator Authority. In March 1985, a name change of that entity was made, and the present name, Delaware County Solid Waste Authority, was adopted. *See STIPULATION OF FACTS,* Exhibit No. 14, paragraphs 1–3.

2. Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §§ 301–322.

County Board of Assessment Appeals (Board) rejected the Authority's claims to either immunity or exemption from local real estate taxes. The Board did reduce the assessments on some of the parcels acquired by the Authority, but refused to alter the assessments on others.

The Authority appealed the Board's decision to the Court of Common Pleas of Berks County.[3] By agreement of the parties, the issues presented by these assessment appeals were bifurcated. The initial proceeding before the trial court was limited to consideration of the immunity and exemption issues; it was further agreed that the additional issue of valuation would be addressed at a later proceeding, if such was necessary after resolution of the immunity and exemption issues. Following a hearing, the trial court issued its order of January 9, 1991, in which it rejected the Authority's claim of immunity from taxation. In the same order, the trial court accepted the Authority's position that its property should be treated as exempt from local real estate taxation. However, the trial court placed limitations on the scope of this exemption to which the Authority objects.

All parties wished to appeal the trial court's decision. In an order dated January 16, 1991, the trial court certified that its January 9, 1991 interlocutory order involved a controlling issue of law as to which there is a substantial ground for difference of opinion, and further certified that an immediate appeal of that order might materially advance the ultimate termination of this matter. *See* Section 2(b) of the Judicial Code, 42 Pa.C.S. § 702(b). All parties then filed with this Court petitions for permission to appeal. *See* Section 702 of the Judicial Code and Pennsylvania Rule of Appellate Procedure 1311. Permission to appeal was granted by order of this Court entered March 7, 1991, and the appeals were consolidated for oral argument.

The first issue presented here, which is raised by the Authority, concerns the Authority's claim of immunity from

---

3. The Boyertown Area School District was permitted by the trial court to intervene in this action.

taxation. The Authority begins its analysis with the principle that real estate owned by the Commonwealth of Pennsylvania is not subject to taxation by local taxing bodies absent express statutory authority permitting such taxation. The Authority takes note that the courts of this Commonwealth have on numerous occasions held that municipal authorities created pursuant to the Act are agents of the Commonwealth, and part of its sovereignty. Thus, the Authority reasons, any real property which it, an agency of the Commonwealth of Pennsylvania, owns is immune from taxation by local taxing bodies. Therefore, the Authority contends that the trial court erred in rejecting its immunity claim.

The Board [4] contends that the case law cited by the Authority in support of its position is distinguishable, either because the cases do not involve the subject of real estate taxation, or because they involve public authorities which were created pursuant to legislation other than the Act. In addition, the Board argues that while a municipal authority may be deemed to be an agency of the Commonwealth for some purposes, this does not mean that the municipal authority must be considered an agency of the Commonwealth for all purposes. Thus, a municipal authority might be treated as sharing in the Commonwealth's immunity from tort liability, for example, and yet not be treated as sharing in the Commonwealth's immunity from taxation by local taxing bodies.

We have carefully considered the arguments presented with regard to this issue, and have closely examined the case law referenced by the parties. Although the issue has been addressed within the context of authorities created pursuant to other statutes, *Harrisburg School District Tax Appeal*, 53 Pa.Commonwealth Ct. 299, 417 A.2d 848 (1980);

4. A single brief was filed on behalf of both the Board and the Intervenor, Boyertown Area School District. In addition, an *amicus* brief was filed on behalf of the Pennsylvania School Boards Association, in which it largely adopts the arguments set forth in the brief for the Board and Intervenor. For the sake of brevity, we shall attribute the arguments raised by all of these parties to the Board.

*SEPTA v. Board for Assessment and Revision of Taxes of Delaware County,* 13 Pa.Commonwealth Ct. 207, 319 A.2d 10 (1974), our research has uncovered no case which has ever squarely addressed the question of whether municipal authorities created under the Act share the Commonwealth's immunity from taxation.

It is beyond dispute that a local taxing body has no power to tax without a clear grant or delegation of such power by act of the General Assembly. *State Employes' Retirement System v. Dauphin County,* 335 Pa. 177, 6 A.2d 870 (1939); *Harrisburg School District.* The determination of whether the General Assembly has granted the power of taxation in a particular area to a local taxing body is subject to strict construction; it has been held that the grant of such power may not be found by implication. *Mastrangelo v. Buckley,* 433 Pa. 352, 250 A.2d 447 (1969); *Fischer v. Pittsburgh,* 383 Pa. 138, 118 A.2d 157 (1955); *Harrisburg School District; SEPTA.* Furthermore, there exists in Pennsylvania law a presumption that property owned by the sovereign, the Commonwealth of Pennsylvania, is not ordinarily subject to taxation. *State Employes' Retirement System; Harrisburg School District.* Out of these concepts a basic principle has been recognized that property owned by the Commonwealth cannot be taxed by a local taxing body in the absence of a statute clearly authorizing it to do so. *Appeal of Board of Directors of Owen J. Roberts School District,* 500 Pa. 465, 457 A.2d 1264 (1983); *Harrisburg School District.*

In *Simon Appeal,* 408 Pa. 464, 184 A.2d 695 (1962), our Supreme Court examined the nature of municipal authorities created under the Act, and its predecessor, the Municipality Authorities Act of 1935. The Supreme Court stated that a municipal authority created under these acts "is an independent agency of the Commonwealth and part of the sovereignty of the State." *Id.,* 408 Pa. at 468, 184 A.2d at 698. Courts have continued to use this phraseology when examining disputes in which a municipal authority is involved. *See, e.g., Commonwealth v. Erie Metropolitan*

*Transit Authority,* 444 Pa. 345, 281 A.2d 882 (1971); *Williamstown Borough Authority v. Cooper,* 404 Pa. Superior Ct. 516, 591 A.2d 711 (1991). In *SEPTA* and *Harrisburg School District,* this Court held that the two public authorities involved in those cases, the Southeastern Pennsylvania Transit Authority and the Redevelopment Authority of the City of Harrisburg, had the status of agents of the Commonwealth and, due to the absence of clear authorization by the General Assembly permitting local taxing bodies to tax the property of either of those two public authorities, shared the Commonwealth's immunity from taxation.

■ The Authority compares its circumstances to that of the public authorities in the *SEPTA* and *Harrisburg School District* cases. However, we find that the Authority's situation is distinguishable from those cases, and conclude that the Authority's contention that it is immune from taxation must fail, because the General Assembly has authorized local taxing bodies to tax the property of municipal authorities created under the Act. Section 15 of the Act reads, in pertinent part, as follows:

> The effectuation of the authorized purposes of Authorities created under this act shall and will be in all respects for the benefit of the people of the Commonwealth of Pennsylvania, for the increase of their commerce and prosperity, and for the improvement of their health and living conditions, and since such Authorities will be performing essential governmental functions in effectuating such purposes, *such Authorities shall not be required to pay any taxes or assessments upon any property acquired or used by them for such purposes....* (Emphasis added.)

53 P.S. § 318. We read this language as authorizing taxation of the property of municipal authorities. The language used by the General Assembly in Section 15 clearly indicates that municipal authorities are required to pay taxes and assessments on their property unless that property falls within the stated exception.

The inclusion of this language in the Act makes this case distinguishable from the situations in *Harrisburg School District* or *SEPTA*. The *Harrisburg School District* case concerned a redevelopment authority created under the Urban Redevelopment Law.[5] This law contained no language authorizing taxation of redevelopment authorities created under its provisions, and the school district, which sought to tax the redevelopment authority's property, was unable to point to any other legislation authorizing taxation of the property. In *SEPTA*, we were asked to consider the status of a transit authority created under the Metropolitan Transportation Authorities Act of 1963.[6] The General Assembly included explicit language in that act, at Section 39, 66 P.S. § 2039, providing that the transit authority was to be at all times free from any and all taxation imposed by the Commonwealth or any of its political subdivisions. In the present case, the Act does not omit all reference to taxation of the Authority, as in *Harrisburg School District*, nor does it include a provision granting complete immunity from taxation, as was the case in *SEPTA*.

Therefore, since the General Assembly has, at Section 15 of the Act, authorized taxation of municipal authorities so long as the property does not fall within the noted exception, the Authority cannot properly claim to be immune from taxation. Thus, the trial court reached the correct result here in rejecting the Authority's claim of immunity from taxation.

The second issue, raised by the Board, is a charge that the trial court erred in accepting the Authority's alternative claim of exemption from payment of local property taxes.

The Board acknowledges that the Authority holds legal title to the landfill property, but takes note that the Authority acquired its property through a complex arrangement in which the former stockholders of R.R.M. have allegedly retained a substantial connection to and interest in

5. Act of May 24, 1945, P.L. 991, *as amended,* 35 P.S. §§ 1701–1719.1.
6. Act of August 14, 1963, P.L. 984, *as amended,* repealed by the Act of July 10, 1980, P.L. 427, formerly 66 P.S. §§ 2001–2035.

the property. For this reason, the Board asserts that the land owned by the Authority does not qualify for exemption from taxation, but should instead continue to be subject to local real estate taxes. Moreover, the Board contends that, while the land owned by the Authority may be used for the benefit of the citizens of Delaware County, where the Authority is based, the Authority's operation of its landfill serves no public purpose for the citizens of Berks County, where the landfill is located. The Board argues that since the landfill does not serve any public purpose for the citizens of Berks County, the landfill property should not qualify for an exemption from real estate taxes levied by Berks County taxing bodies.

We have considered these objections carefully, but conclude that the trial court correctly ruled that the Authority's property is entitled to exemption from local real estate taxes so long as the property is used for public purposes. Section 15 of the Act includes language which we read as an enactment of a tax exemption for municipal authorities, as authorized by the Constitution of this Commonwealth. *See* PA. CONST. art. VIII. § 2(a)(iii). While it is true that the exemption language used by the legislature in Section 15 is too broad, as we held in *Guilford Water Authority v. Adams County Board of Assessment Appeals*, 131 Pa.Commonwealth Ct. 255, 570 A.2d 102 (1990), the exemption provision is, nevertheless, to be given effect, subject to the narrower limitations on property taxation exemptions set forth in the constitutional provision noted above. Therefore, the trial court did not err in ruling that the Authority's property should be regarded as exempt from local real estate taxation.

The particular details of the Authority's purchase agreement with the former stockholders of R.R.M. do not change the fact that the General Assembly has authorized a tax exemption for property owned by a municipal authority. Likewise, we know of no legal authority, nor does the Board provide any, holding that the circumstance of this Delaware County Authority's landfill being located in Berks County

would disqualify the landfill from falling within this tax exemption, as the Board would have us rule. Furthermore, there was testimony at the hearing indicating that the Authority had accepted and would continue to accept waste generated in Berks County for disposal at the landfill. (N.T. pp. 53–54, 71). We conclude that the Authority's Berks County property is entitled to exemption from taxation so long as it is actually and regularly used for public purposes. *Guilford.*

The third issue concerns the scope of the exemption, and how much of the Authority's Berks County acreage should be regarded as exempt from taxation.

The record reveals that the property which the Authority initially acquired from R.R.M. consisted of approximately 320 acres, of which approximately 60 acres were used for waste disposal. Since purchasing this property from R.R.M., the Authority has continued to acquire property adjoining this tract, so that its total Berks County acreage, as of the time of the trial court hearing in May 1990, consisted of approximately 544 acres.

The trial court noted that regulations of the Department of Environmental Resources (DER) require that landfill sites must be surrounded by buffer areas. As those regulations apply to the Authority's Berks County property, the trial court found that the waste disposal site and buffer areas would encompass a total of 248 acres. Thus, there remained approximately 296 acres of Authority property which, at the time of the trial court hearing, was not used for waste disposal, or needed to satisfy DER's regulations requiring buffer areas.[7]

The trial court, relying on our holding in *Guilford,* ruled that the Authority was entitled to tax exemption only on that part of its property actually and regularly used for its waste disposal activities. Thus, the 248 acres used by the

7. In its opinion, the trial court indicated that this remaining land totaled approximately 206 acres. Although the testimony at hearing is unclear on this point, we believe that the use of the figure "206" in the trial court opinion is likely a typographical error.

Authority for waste disposal and buffer areas was held to be exempt from taxation because it was actually and regularly being used by the Authority for public purposes; the remaining 296 acres of Authority property not currently used or needed for landfill purposes was held to be subject to taxation because it was not, as of the time of the hearing, actually and regularly used for public purposes.

On appeal, the Authority argues that its entire Berks County acreage should be regarded as exempt from taxation. The Authority contends that the acreage not currently used for waste disposal, and in excess of DER's buffer requirements, does still serve a public purpose as a buffer between the landfill activities and surrounding properties, and should also be regarded as exempt from taxation. The Authority further contends that this remaining acreage consists of remnants which could not meet zoning requirements or be used for any other purpose.

We believe that the trial court was correct in its ruling with respect to this issue. The Pennsylvania Constitution authorizes the General Assembly to exempt from taxation those portions of public property actually and regularly used for public purposes. As we held in *Guilford,* it is the present use of the public property which controls on the question of whether that property is exempt from taxation. In the present case, while the 296 acres of Authority property in question may, at some future time, be used for waste disposal activities or to meet DER's buffer requirements,[8] that circumstance does not qualify the property for tax exemption at the present time. And while it is undoubtedly true that the unused acreage serves as an additional buffer from the Authority's waste disposal activities, that circumstance does not mean that the acreage is used for public purposes so as to qualify for tax exemption. We find no error in the trial court's ruling on this question.

8. The trial court noted that the Authority, at the time of the hearing, had pending with DER an application for a permit to expand the area used for waste disposal activities.

The fourth and final issue again concerns the scope of the tax exemption, and specifically concerns the point(s) in time at which the exemption should be regarded as effective.

The Board contends that any tax exemption for which the Authority's Berks County holdings might qualify should be regarded as taking effect in the calendar year following the year in which a timely application for exemption from taxation was made, citing this Court's decision in *Berks County Board of Assessment and Revision of Taxes v. Berks County Conservancy*, 102 Pa.Commonwealth Ct. 64, 517 A.2d 572 (1986). Furthermore, the Board contends that no tax exemption should be given to the Authority for the years 1985 and 1986, because during these years, even though the Authority held title to the landfill property in its name, the Authority operated the landfill through the vehicle of the R.R.M. corporate entity. Although all stock of R.R.M. was owned by the Authority during this 1985–86 time period, and the corporate officers of R.R.M. were members of the Authority's operating board, the Board argues that since the landfill was technically being operated by a private entity, no tax exemption should be given for this period.

Initially, we note that the Board has misinterpreted our decision in *Berks County Board of Assessment.* We stated in that case that the effective date for *untimely* applications for exemption from taxation shall be the year following the year in which the applications for exemption were filed. Our holding in that case does not apply to all applications for tax exemption, but only to untimely applications.

Unfortunately, this issue was not addressed by the trial court in its opinion, and the only reference to the issue made at hearing is a brief comment made by counsel for the Intervenor. (N.T. pp. 167–68). As a consequence, we are unable to exercise appellate review of this issue. Under these circumstances, and considering that this matter must be returned to the trial court for further proceedings on the issues which were not made part of these interlocutory

appeals, we will remand this issue to the trial court and direct that it consider and address the issue as part of its further proceedings in this matter.

Accordingly, we will affirm the decision of the trial court, and remand this matter to the trial court for its consideration of the remaining issues.

## ORDER

AND NOW, September 17, 1991, the order entered in this matter by the Court of Common Pleas of Berks County, dated January 9, 1990, is hereby affirmed. This matter is hereby remanded to the Court of Common Pleas of Berks County for further proceedings.

Jurisdiction is relinquished.